Ch. J. Barry
delivered the opinion of a special court, composed, by consent of parties, of himself and Judge Dayidge.
John Y. Webb, administrator- of W, S. Webb, filed his bill in the Scott circuit court, to be relieved from a judgment at law rendered against him in the name of ^a'Jr‘e^ Chisham, for the benefit of George Gill,
The complainant alleges in his bill, that the. judgment at law is founded on a note for ¡¡¡¡250; given by his intestate, in the year 1815, upon a gaming consideration i fhat the money was lost by the intestate to Samuel M. Brown, and by him, at the same sifting, to Chisham, an(j the note for the amount executed directly to Chis-ham; that Gill was fully apprised of this illegal transacti°ni when he traded for the note, and that the intes-fate had paid him, on account of said note, $140. The Gill, Chisham and Brown are made defendants. 'fhe two. former, in their answers, deny the allegations of the bill that charge the note to have been executed for a gaming debt; the latter admits the charge, and avers f^af Chisham participated in the illegal transac-R°n* The allegations of the bill are sustained by tljé proof in the cause.
The circuit court did right to perpetuate the injunction against (he judgment at Jaw, with costs.
But it was erroneous to decree that Gill should pay to the complainant the $140 he had received of the intestate. The principle that forbids a court of equity to sustain a bill for the recovery of money paid on a' gaming consideration, on the mere ground that it was lost by gaming, is settled in the ease of Downs vs. Quarles and Crittenden, Litt. S. C. 489.
The decree must be reversed with costs, and the cause remanded to the circuit court, with directions, to enter up a decree in conformity to this opinion..